## NATIONAL LABOR RELATIONS BOARD, Petitioner,

### v.

## BRICKLAYERS LOCAL NO. 7, BRICKLAYERS, MASONS AND PLASTERERS' INTERNATIONAL UNION OF AMERICA, AFL–CIO, Respondent.

### No. 76–3420.

United States Court of Appeals, Ninth Circuit.

Oct. 28, 1977.

Elliott Moore, Deputy Assoc. Counsel, N. L. R. B., Washington, D. C., Michael F. Messitte, N. L. R. B., Washington, D. C., for petitioner.

Russell Specter and Laura Stevens, Neyhart, Anderson & Freitas, Bricklayers Local No. 7, Bricklayers, Masons and Plasterers' Intern. Union of America, AFL–CIO, San Francisco, Cal., for respondent.

Petition to Review a Decision of the National Labor Relations Board.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

PER CURIAM:

The issue on this appeal is whether there is substantial evidence on the record as a whole to support the Board's finding that the Union violated sections 8(b)(2) and (b)(1)(A) of the National Labor Relations Act. It was asserted that the union forced the company to terminate the employment of Charles Toney without legitimate basis and because Toney was not a member of the Union.

The underlying facts are undisputed.[1] Toney had worked for his employer for two years continuously when he asked the company superintendent for four to six weeks vacation leave. Although there was no contractual requirement that Local No. 7 be notified, Toney did notify the steward of Local No. 7 of his plans. On November 8, 1974, the company laid off six employees for lack of work. On November 11, 1974, Toney returned to work. The other bricklayers refused to work under orders of the union steward and the company was notified that Toney would have to be discharged and return as a "new hire." Toney was thereupon terminated and the other bricklayers returned to work.

Upon these facts the Board found, contrary to the Administrative Law Judge, that the Union had violated sections 8(b)(2) and (b)(1)(A) by causing the company to terminate Toney without a legitimate reason for doing so. It is clear that a union is forbidden under section 8(b)(2) to discriminate against an employee in violation of section (a)(3). A union does so discriminate when it causes interference with an employee's employment status on arbitrary grounds. *Kling v. NLRB*, 503 F.2d 1044 (9th Cir. 1975). *See Radio Officers v. NLRB*, 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1954).

Here, where the employee was exercising legitimate leave authorized by the company, he was not a "new hire" upon his return to work and the Union was acting in violation of the law in causing Toney's discharge. *Kling v. NLRB, supra* at 1044.

The Board's order will be enforced.

---

1. At the close of the General Counsel's case, counsel for the Union elected not to introduce

any evidence. The Board's order is reported at 224 NLRB No. 19 (1976).